IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| AMANDA U. AJULUCHUKU, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2703-Ml/An |
| FEDEX CORPORATION, | X | |
| Defendant. | X | |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Amanda U. Ajuluchuku, a resident of Atlanta, Georgia, has filed a pro se complaint, amended complaint, and restatement, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall file the case and record the defendant as FedEx Corporation. The Clerk shall not issue process or serve any papers in this case.

Plaintiff is a resident and citizen of Atlanta, Georgia. Plaintiff sues FedEx Corporation alleging that her complaint arises under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-89. Plaintiff alleges that she suffers from a disability which requires that she walk with a cane. Plaintiff further alleges that on September 11, 2005, employees of FedEx Kinko's, located at 100 Peachtree Street in Atlanta, Georgia, yelled at her, refused to show her different designs and prices for stamped labels, and refused to serve her. Plaintiff alleges that

the actions of these employees caused her to fall, to feel threatened, and to be frightened.

As an initial matter, this Court must decide if it has jurisdiction of this controversy. Federal courts are courts of limited jurisdiction. <u>Finley v. United States</u>, 490 U.S. 545, 547-48 (1989); <u>Aldinger v. Howard</u>, 427 U.S. 1, 15 (1976); <u>Stillman v. Combe</u>, 197 U.S. 436 (1905); <u>Turner v. Bank of North America</u>, 4 U.S. 8, 10 (1799). Federal courts are obliged to act <u>sua sponte</u> whenever a question concerning jurisdiction arises. <u>See, e.g.</u>, <u>St. Paul Mercury Indemn. Co. v. Red Cab Co.</u>, 303 U.S. 283, 287 n.10 (1938); 13 C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3522 at 70 (1984). A district court is obliged to review its own jurisdiction <u>sua sponte</u>. <u>Ricketts v. Midwest Nat'l Bank</u>, 874 F.2d 1177, 1181 (7th Cir. 1989)(citing <u>Bender v. Williamsport Area Schl. Dist.</u>, 475 U.S. 534, 541 (1986)). Federal Rule of Civil Procedure 12(h)(3) provides that a court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(h)(3). This Court must identify some basis for jurisdiction over this case.

Plaintiff alleges that the Court has jurisdiction based upon 42 U.S.C. § 1983. In order to state a § 1983 claim, however, a plaintiff must allege action under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 55-57 (1988). In general, private individuals and corporations do not act under color of state law. <u>See</u> <u>id.</u>; <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>McCord v. Bailey</u>, 636

2

F.2d 606, 613 (D.C. Cir. 1979). Here, the FedEx Kinko's employees and defendant corporation are private individuals and corporations, so plaintiff fails to allege any such action.

Furthermore, a complaint for civil rights violations must allege that the plaintiff has suffered the deprivation of a fundamental constitutional right. <u>Browder v. Tipton</u>, 630 F.2d. 1149 (6th Cir. 1980); <u>Grant v. Hollenbach</u>, 870 F.2d 1135, 1135 n.1 (6th Cir. 1989). Plaintiff purchased "floppy disks" at the business. She alleges that she was not shown different designs and prices for labels and, therefore, was prevented from selecting the best label for her home business. To the extent plaintiff sought to purchase labels, she was merely prevented from purchasing labels at that specific store. Plaintiff retained the right and ability to purchase labels from another vendor or at another FedEx Kinko's store. She did not have a constitutional or fundamental right to purchase labels at any particular store. Therefore plaintiff was not deprived of any fundamental right guaranteed under the Constitution.

To the extent that Plaintiff contends that the actions of the FedEx Kinko's employees constituted discrimination under the ADA, she has not named FedEx Kinko's or those employees as defendants. Plaintiff filed her lawsuit in Tennessee based upon the presence of FedEx Corporation, which is headquartered in Memphis. FedEx Corporation consists of a network of independently operating companies that compete collectively under the FedEx name worldwide: FedEx Express, FedEx Ground, FedEx Freight, FedEx Kinko's Office

and Print Services, FedEx Custom Critical, FedEx Trade Networks and FedEx Services. FedEx Kinko's corporate headquarters are found in Dallas, Texas.

Plaintiff's complaint consists of allegations of events that took place in Atlanta, Georgia. Plaintiff complains of actions by FedEx Kinko's employees who are employed and may be found in Atlanta, Georgia. However, Plaintiff has not named FedEx Kinko's or those employees as defendants. Instead, Plaintiff has sued FedEx Corporation without identifying any relationship between the two companies which would subject FedEx Corporation to liability for actions of the FedEx Kinko's employees. Furthermore, she has failed to allege any act by any employee or officer of FedEx Corporation located in Memphis, Tennessee. Plaintiff does not identify any specific FedEx Corporation employee with any knowledge of the allegations raised in this complaint. Neither does the complaint allege that any FedEx Corporation employee with such knowledge took any action to plaintiff's detriment. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Accordingly, this complaint is devoid of jurisdiction and fails to state a claim upon which relief may be granted. The complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(2) and (3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

4

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint subject to dismissal for both want of jurisdiction and as failing to state a claim has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as devoid of jurisdiction and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Service</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

5

If plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this __29__ day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02703 was distributed by fax, mail, or direct printing on November 30, 2005 to the parties listed.

---

Amanda U. Ajuluchuku
P.O. Box 95343
Atlanta, GA 30347

Honorable Jon McCalla
US DISTRICT COURT